## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
## EASTERN DIVISION

| | |
|---|---|
| **RITA DOWDY,** ) | |
| ) | |
| **PLAINTIFF,** ) | |
| ) | |
| V. ) | **CIVIL ACTION NUMBER:** |
| ) | |
| **LVNV FUNDING, LLC;** ) | **JURY TRIAL DEMANDED** |
| **RESURGENT CAPITAL** ) | |
| **SERVICES, L.P.,** ) | |
| ) | |
| **DEFENDANTS.** ) | |

## COMPLAINT

This is an action brought by the Plaintiff, Rita Dowdy, for actual and statutory damages, attorney's fees, and costs for Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* (hereinafter "FDCPA").

### JURISDICTION AND VENUE

This Court has jurisdiction under 15 U.S.C. §1692k (d), and 28 U.S.C. §1331, §1332, and §1367. Venue is proper in that at all relevant times the Defendants transacted business in this District, and the Plaintiff resides in this District.

## STATEMENT OF THE PARTIES

1. Plaintiff, Rita Dowdy, is over the age of nineteen (19) years and is a resident of the city of Alpine in Talladega County, Alabama.

2. Defendant LVNV Funding, LLC ("LVNV") is, and at all times pertinent herein was, a foreign limited liability company or other legal entity organized under the laws of the State of Delaware. Plaintiff asserts that, upon information and belief, Defendant LVNV Funding, LLC is a debt collector as that term is defined by the Fair Debt Collection and Practices Act at 15 U.S.C. §1692(a)(6).  LVNV Funding, LLC has no employees.  Rather, LVNV Funding, LLC's accounts, including upon information and belief, the account at issue in this case, are serviced by Defendant Resurgent Capital Services, L.P.

3. Defendant, Resurgent Capital Services, L.P. ("Resurgent" or collectively with LVNV as "The Defendants"), is a foreign limited partnership or other legal entity organized under the laws of the State of Delaware.  Resurgent was, in all respects and at all times relevant herein, doing business in the state of Alabama, and was at all relevant times registered to do business in Alabama with the Alabama

Secretary of State. Plaintiff asserts that Defendant is regularly engaged in the business of collecting consumer debts from consumers residing in Talladega County, Alabama and is a "debt collector," as defined by the FDCPA 15 U.S.C. § 1692a(6). Upon information and belief, Resurgent is the servicer of accounts, including the account at issue in this case, for LVNV.

## STATEMENT OF FACTS

### *Background*

4. On or about August 8, 2019, Defendants filed or caused to be filed a lawsuit against Plaintiff in the Small Claims Court of Talladega County, Alabama which was assigned case number 74-SM-2019-900395 (hereinafter referred to as "the lawsuit").

5. The lawsuit involved a debt allegedly owed by Plaintiff to Regional Finance Corporation of Alabama, an entity not a party to this lawsuit, as the result of an alleged consumer loan taken out by Plaintiff. LVNV and/or Resurgent filed the lawsuit in an attempt to collect an alleged debt from the Plaintiff.

6. The alleged debt was incurred for personal or household purposes.

7. In its complaint LVNV represented that Regional Finance

      Corporation of Alabama, assigned an account allegedly belonging to Plaintiff to LVNV and claimed that Plaintiff allegedly had a balance due on the account of $1,968.10.

8. Plaintiff has never done business with Defendants and has never owed Defendants any money.

9. Plaintiff answered LVNV's Small Claims Complaint and denied all of the allegations made by LVNV in the lawsuit.

10. Trial was held on LVNV's alleged claim against Rita Dowdy on September 20, 2019.

11. Despite bearing the burden of proof at trial, LVNV called no witnesses at trial in support of its claims against Rita Dowdy. Further, LVNV offered no competent evidence at trial that the alleged debt was assigned to LVNV, that LVNV owned the alleged debt and as such had any standing to bring suit against Rita Dowdy or that Rita Dowdy was in any way responsible for paying the alleged debt claimed by LVNV in the amount claimed by LVNV in the Complaint. As a result, judgment was entered in favor of Rita Dowdy and against LVNV on September 26, 2019.

12. Each year Defendants file or cause to be filed hundreds if not

thousands of lawsuits against consumers in Alabama without any intention of proving the claims it alleges; with the knowledge that it will not call any witnesses to testify on its behalf at trial and knowing that it will not be able to offer competent evidence at trial.

13. The pattern and practice of LVNV is to file lawsuits, such as the Small Claims Court lawsuit at issue in this case, in an attempt to either secure a default against Alabama consumers who fail to answer the bogus complaints LVNV files or to coerce a settlement or consent judgment from consumers at the courthouse before trial when LVNV knows it has no witnesses and no competent evidence to prove its claims.

14. The case filed against Rita Dowdy is not an outlier nor was it filed by mistake. Rather, as discovery in this case will likely show, it is merely an example of the unfair and intentionally illegal business model that Defendants have put into place.

### COUNT ONE
### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. § 1692 et seq.

15. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

16. The foregoing acts and omissions of Defendants and their employees and agents constitute numerous and multiple violations of the FDCPA, 15 U.S.C. § 1692 *et seq.*, including, **but not limited to**, 15 U.S.C. § 1692d §1692e and §1692f with respect to Plaintiff.

17. As a direct and proximate result of the wrongful conduct visited upon Plaintiff by Defendants in their wrongful collection efforts, Plaintiff suffered actual damages including physical pain, mental anguish and emotional distress.

18. As a result of Defendants' violations of the FDCPA, Plaintiff is entitled to actual damages in an amount to be determined by a struck jury pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3), from Defendants.

### COUNT TWO
### NEGLIGENCE

19. Plaintiff adopts the averments and allegations hereinbefore as if fully set forth herein.

20. The Defendants knew or should have known the conduct set forth

herein which was directed at and visited upon Plaintiff.

21. The Defendants knew or should have known that said conduct was improper.

22. The Defendants negligently failed to prevent and/or participated in improper collection activities.

23. As a result of The Defendants' negligence, the Plaintiff suffered physical pain, worry, anxiety, nervousness, and mental anguish.

## COUNT THREE
## RECKLESSNESS AND WANTONNESS
## AGAINST THE DEFENDANTS

24. The Plaintiff adopts the averments and allegations hereinbefore as if fully set forth herein.

25. The Defendants knew or should have known the conduct set forth herein which was directed at and visited upon the Plaintiff.

26. The Defendants knew or should have known that said conduct was improper.

27. The Defendants recklessly and wantonly failed to prevent and/or participated in improper collection activities.

28. As a result of the Defendant's reckless and wanton conduct, the Plaintiff suffered physical injury, worry, anxiety, nervousness, and

mental anguish.

## COUNT FOUR
## MALICIOUS PROSECUTION

29. The Plaintiff adopts the averments and allegations hereinbefore as if fully set forth herein.

30. Defendant LVNV Funding, LLC sued the Plaintiff.

31. LVNV Funding, LLC lacked probable cause to file the lawsuit.

32. LVNV Funding, LLC maliciously filed the lawsuit against the Plaintiff.

33. The lawsuit ended in favor of Plaintiff and against LVNV Funding, LLC.

34. As a result of LVNV Funding, LLC's frivolous lawsuit, Plaintiff was harmed.

## COUNT FIVE
## ABUSE OF PROCESS

35. The Plaintiff adopts the averments and allegations hereinbefore as if fully set forth herein.

36. Defendant LVNV Funding, LLC filed a lawsuit against the Plaintiff alleging that it acquired a debt from a third party and represented that it owned the alleged debts and that Plaintiff was indebted to LVNV

Funding, LLC.

37. Defendant LVNV Funding, LLC never had any intent to prove any claim against the Plaintiff, but rather had an ulterior purpose when it filed the lawsuit against the Plaintiff.

38. The ulterior purpose was to attempt to force Plaintiff into paying LVNV Funding, LLC or Resurgent for a debt that LVNV and/or Resurgent either could not or would not establish by any competent evidence or to coerce the Plaintiff into a settlement without any intent to offer any witness or offer other competent evidence supporting LVNV's or Resurgent's claims.

39. Defendants were aware, at the time the lawsuit was filed, that they bore the burden of proof but despite that, they would never attempt to prove the claims alleged in the lawsuit and would never bring witnesses to Court or admit competent evidence in support of its claims.

40. Defendants were aware that this conduct would harm the Plaintiff either by forcing him to pay a debt that Defendants knew they would not or could not prove or, alternatively, by coercing the Plaintiff into a settlement with the knowledge that Defendants would not or could

not prove their claims against the Plaintiff.

41. This conduct by Defendants is all too common in Alabama state courts and constitutes a widespread pattern and practice against Alabama consumers, such as Plaintiff.

## DAMAGES

Plaintiff alleges that as a direct and proximate result of the Defendants' acts alleged herein, Plaintiff was caused to incur physical pain as well as mental distress and emotional suffering and incurred other actual damages.

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff claims damages of the Defendants in statutory, compensatory and punitive damages, plus interest, costs, reasonable attorney's fees and any such other and further relief as this court deems proper and/or necessary.

In addition to the above, Plaintiff further demands declaratory judgment that Defendants' conduct violated the FDCPA, actual damages in an amount to be determined by a struck jury pursuant to 15 U.S.C. § 1692k(a)(1), statutory damages in the amount of $1,000.00 for the violations of the FDCPA pursuant to 15 U.S.C. § 1692k and costs and reasonable attorney's fees for the violations of the FDCPA pursuant to 15 U.S.C. § 1692k.

**PLAINTIFF DEMANDS A TRIAL BY STRUCK JURY.**

/s/ *W. Whitney Seals*
W. WHITNEY SEALS,
Attorney for Plaintiff

**OF COUNSEL:**

**COCHRUN & SEALS, LLC**
P. O. Box 10448
Birmingham, AL 35202-0448
Telephone: (205) 323-3900
Facsimile: (205) 323-3906
filings@cochrunseals.com

**PLAINTIFF'S ADDRESS:**
Rita Dowdy
378 Oakdale Road
Alpine, AL 35014

**PLEASE SERVE THE DEFENDANTS BY CERTIFIED MAIL, RETURN RECEIPT REQUESTED TO THE FOLLOWING ADDRESSES:**

**LVNV FUNDING, LLC**
c/o Registered Agent
Corporation Service Company, Inc.
641 South Lawrence Street
Montgomery, AL 36104

**RESURGENT CAPITAL SERVICES, L.P.**
c/o Registered Agent
Corporation Service Company, Inc.
641 South Lawrence Street
Montgomery, AL 36104